UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


HERB D. VEST                            :
300 Decker Drive                        :
Suite 200                               :
Irving, TX 75062                        :
                                        :
         Plaintiff,                     :
                                        :
         v.                             :
                                        :
DEPARTMENT OF THE AIR FORC              :
1740 Air Force Pentagon                 :
Room 4E836                              :
Washington, D.C. 20030-1740             :
                                        :
         and                            :
                                        :
DEPARTMENT OF THE ARMY                  :
104 Army Pentagon                       :
Washington, D.C. 20310-104              :
                                        :
         and                            :
                                        :
CENTRAL INTELLIGENCE AGENCY,            :
Washgton, D.C. 20505                    :
                                        :
         and                            :
                                        :
DEFENSE INTELLIGENCE AGENCY             :
200 Macdill Blvd.                       :
Washington, D.C. 20340                  :
    :
         and                            :
                                        :
DEPARTMENT OF THE NAVY                  :
1000 Navy Pentagon                      :
Washington, D.C. 20350-1000             :
    :
         and                            :
                                        :

```
DEPARTMENT OF HOMELAND SECUIRTY     :
Washington, D.C.     20528          :
                                    :
          and                       :


UNITED STATES DEPARTMENT OF         :
     JUSTICE                        :
950 Pennsylvania Avenue, N.W.       :
Washington, D.C. 20530              :
                                    :
          and                       :
                                    :
FEDERAL BUREAU OF INVESTIGATION     :
935 & Pennsylvania Avenue, N.W.
Washington, D.C. 20535              :
                                    :
          and                       :
                                    :
UNITED STATES DEPARTMENT OF STATE   :
2202 C Street, N.W., Room 5519      :
Washington, D.C. 20520-6310         :
                                    "
          and                       :
                                    :
UNITED STATES MARINCE CORPS         :
3000 Marine Corps Pentagon          :
                                    :
          and                       :
                                    :
U.S. CITIZENSHIP AND IMMIGRATION    :
     SERVICE                        :
20 Massachusetts Avenue, N.W.       :
Suite 4210                          :
Washington, D.C. 20529-2120         :
                                    :
          and                       :
                                    :
NATIONAL SECURITY AGENCY            :
9800 Savage Road                    :
Suite 6250                          :
Ft. George G. Meade, MD 20753-6246  :
                                    :
          and                       :

                                    :
```

```
DEPARTMENT OF VETERANS AFFAIRS       :
810 Vermont Avenue, N.W.             :
Washington, D.C. 20420               :
                                     :
            and                      :
                                     :
DEPARTMENT OF DEFENSE                :
1600 Defense Pentagon                :
Washington, D.C.20301-1600           :
                                     :
            Defendants               :      :
```

## FIRST COMPLAINT FOR INJUNCTIVE RELIEF
### [Freedom of Information and Privacy Acts,
### 5 U.S.C. § 552 and 5 U.S.C. § 552a]

1.  Plaintiff Herbert D. Vest ("Vest") is a citizen of the United States.  He brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., to obtain records regarding persons who he believes may figure in some of the mysterious circumstances concerning his father's death in Texas in 1946.  He brings this action under the FOIA and with respect to his request to the Department of Veterans Affairs for records pertaining to himself, he brings this action under the Privacy Act, 5 U.S.C. § 552a,as well.

2.  Defendant Department of Air Force ("AF") is an agency of the United States and has possession of and control over records requested by Vest which are the subject of this action.

3. Defendant Department of the Army ("Army") is an agency of the United States Government and has possession of and control over records requested by Vest which are the subject of this action.

4. Defendant Department of the Navy ("Navy") is an agency of the United States Government and has possession of and control over records requested by Vest which are the subject of this action.

5. Defendant Defense Intelligence Agency ("DIA") is an agency of the United States Government and has possession of and control over records requested by Vest, which are the subject of this action.

6. Defendant National Security Agency ("NSA")is an agency of the United States Government and has possession of and control over records requested by Vest which are the subject of this action.

7. Defendant U.S. Department of State ("State" or "DOS") is an agency of the United States Government and has possession of and control over records requested by Vest which are the subject of this action.

8. Defendant U.S. Department of Homeland Security ("DHS") is an agency of the United States Government and its component, defendant U.S. Citizen & Immigration Service ("USCIS") has

possession of and control over records requested by Vest, which are the subject of this action.

9. Defendant Central Intelligence Agency ("CIA") is an agency of the United States Government and has possession of and control over records requested by Vest which are the subject of this action.

10. Defendant Federal Bureau of Investigation ("FBI") is a component of the United States Department of Justice and has possession of and control over records requested by Vest which are the subject of this action.

11. Defendant United States Department of Justice ("DOJ") is an agency of the United States Government and has possession of and control over records requested by Vest which are the subject of this action

12. Defendant Defense Security Service ("DSS") is a component of defendant Department of Defense and an agency of the United States Government which has possession of and control over records requested by Vest which are the subject of this action.

**Records on Robert Bryant Morrison**

### COUNT I--DEPARTMENT OF THE AIR FORCE

13. Plaintiff re-alleges the allegations set forth in paragraphs 1-2 above.

14.  By letter dated December 29, 2008, Vest, through counsel, submitted a FOIA request to the Department of the Air Force ("AF") for records pertaining to Robert Bryant Morrison, also known as Egbert Clair Morrison, Wayne West, and Wayne Forest West ("Morrison").  See Exhibit 1.

15.  By letter dated January 12, 2009, the Air Force acknowledged receipt of Vest's request.  See Exhibit 2.

16. By letter dated January 24, 2009, AF advised that it did not have any central index for individuals by name. Asserting that plaintiff's request indicated a misunderstanding of the FOIA, it advised that it was closing the request.  See Exhibit 3.

17.  AF did not advise Vest of his right to appeal its determination.  Id.

18.  Plaintiff has exhausted his administrative remedies.

19.  Plaintiff is legally entitle to the records he seeks.

## COUNT II--THE DEPARTMENT OF THE ARMY

20. Plaintiff re-alleges the allegations set forth in paragraphs 1, 3, 18 and 19 above.

21.  By letter dated December 29, 2008, Vest, through counsel, submitted a FOIA request to the Department of the Army ("Army") for records on Morrison.  See Exhibit 4.

22.  By letter dated January 14, 2009, the Army advised that plaintiff was required to provide "a description of the desired record that enables the Government to locate the record with a reasonable amount of effort."  See Exhibit 5.

23.  The Army did not advise plaintiff of his right to appeal.

## COUNT III--DEPARTMENT OF THE NAVY

24. Plaintiff re-alleges the allegations set forth in paragraphs 1, 4, 18 and 19 above.

25.  By letters dated December 29, 2008, Vest, through counsel, submitted a FOIA request to the Department of the Navy ("Navy") and to the United States Marine Corps ("Marine Corps") for records pertaining to Morrison.  See Exhibit 6, 7.

26.  By letter dated January 13, 2009, the Chief of Naval Operations advised, inter alia, that it was unable to process

Vest's request because the request letter did not identify any affiliation between the Navy and the subject of the request. Accordingly, it stated that it was closing Vest's request. It did not advise Vest of his right to appeal its determination. See Exhibit 8.

27. By letter dated January 26, 2009, the United States Marine Corps advised that because Vest had indicated that Morrison was enlisted in the Army but had not demonstrated any affiliation with the Marine Corps, it was referring the request to the Army's Human Resources Command. It did not advise Vest of his right to appeal its determination. See Exhibit 9

## COUNT IV--DEFENSE INTELLIGENCE AGENCY

28. Plaintiff re-alleges the allegations set forth in paragraphs 1, 5, 18 and 19 above.

29. By letter dated December 29, 2008, Vest, through counsel, submitted a FOIA request to the Defense Intelligence Agency ("DIA")for records pertaining to Morrison. See Exhibit 10.

30. By letter dated April 6, 2009, DIA advised that it had determined that the request "does not fall under the purview of this agency." It closed the request. It did not advise Vest of his right to appeal its determination. See Exhibit 11.

## COUNT V--NATIONAL SECURITY AGENCY

**31. Plaintiff re-alleges the allegations set forth in paragraphs 1, 6, 18 and 19 above.**

**32. By letter dated December 29, 2008, Vest, through counsel, submitted a FOIA request to the National Security Agency ("NSA") for records pertaining to Morrison. See Exhibit 12.**

**33. By letter dated January 20, 2009, the NSA denied Vest's requests on the grounds that (1) as NSA is not a law enforcement agency it is unlikely that it would have records relating to criminal activity, and (2) in regard to intelligence information, it could neither confirm nor deny the existence of such records on Morrison as they would be classified and thus immune from production under Exemption 1 of the FOIA. See Exhibit 13.**

**34. By letter dated March 19, 2009, Vest appealed NSA's determination. See Exhibit 14.**

## COUNT VI--U.S. DEPARTMENT OF STATE

**35. Plaintiff re-alleges the allegations set forth in paragraphs 1, 7, 18 and 19 above.**

36. By letter dated December 29, 2008, Vest, through counsel, submitted a FOIA request to the Department of State ("State" or "DOS")for records pertaining to Morrison. See Exhibit 15.

37. By a lengthy form letter dated March 6, 2009, State acknowledged receipt of Vest's request. The form letter checked off several blocks of information which it said Vest needed to provide. It concluded, however, that his request had been closed, but said he could submit a new request if he provided additional information cited in its letter. See Exhibit 16.

38. State did not advise Vest of his right to appeal its determination.

### UNT VII--U.S. DEPARTMENT OF HOMELAND SECURITY

39. Plaintiff re-alleges the allegations set forth in paragraphs 1, 8, 18 and 19 above.

40. By letter dated December 29, 2008, Vest, through counsel, submitted a FOIA request to the U.S. Citizen & Immigration Service ("USCIS"), a component of the U.S. Department of Homeland Security, for records pertaining to Morrison. See Exhibit 17.

41. By letter dated January 15, 2009, USCIS acknowledged receipt of Vest's request. USCIS requested that in order to

continue processing the request Vest provide a Certificate of Identity Form (DOJ 361 Form) signed by the subject of the request. It stated that if this information was not provided within 30 days, Vest's request would be administratively closed. See Exhibit 18.

42. USCIS did not advise Vest of his right to appeal its determination.

## COUNT VIII--CENTRAL INTELLIGENCE AGENCY

43. Plaintiff re-alleges the allegations set forth in paragraphs 1, 9, 18 and 19 above.

44. By letter dated December 29, 2008, Vest, through counsel, submitted a FOIA request to the Central Intelligence Agency ('CIA') for records pertaining to Robert Bryant Morrison. See Exhibit 19.

45. By letter dated January 23, 2009, the CIA acknowledged receipt of Vest's request. It advised that if it did not receive certain biographic information on Casey within 45 dates from the date of its letter, it would cancel the request. See Exhibit 20.

46. The CIA did not advise Vest of his right to appeal its determination.

## COUNT IX--DEPARTMENT OF JUSTICE

47. Plaintiff re-alleges the allegations set forth in paragraphs 1, 10, 11, 18 and 19.

48. By a series of letters dated December 29, 2008, addressed to FBI Headquarters, see Exhibit 21, and the FBI's field offices in Dallas, see Exh. 22, Detroit, see Exhibit 23, El Paso, see Exhibit 24, Houston, see Exhibit 25, and San Antonio, see Exhibit 26, Vest submitted, through counsel, requests for records pertaining to Morrison.

49.  By letters dated January 7, 2009, addressed to FBI Legats in Belgium, see Exhibit 27;, Canada, see, Exhibit 28; London, England, see Exhibit 29; Paris, France, see Exhibit 30; Berlin, Germany, see Exhibit 31; and Mexico City, Mexico, see Exhibit 32, Vest, through counsel, submitted FOIA requests for records on Morrison.

50. By letter dated January 8, 2009, Mr. David M. Hardy ("Hardy"), Section Chief, Records Information and Dissemination Section, Records Management Division, FBI, advised that he was returning to Vest's counsel the requests for records on Morrison submitted to the Dallas and Houston field offices in order for the requester to provide either proof of death or a privacy waiver by the subject.  See Exhibit 33.

51. By letter dated January 16, 2009, Hardy returned the original request submitted on Vest's behalf to his counsel. Contrary to customary practice, no "FOIPA" ("Freedom of Information/Privacy Act") number was assigned to the request. Hardy advised that before the FBI processes a request on another individual it asks that either proof of death or a privacy waiver by the subject of the request be provided.  Hardy did not advise Vest that he had a right to appeal this determination. See Exhibit 34.

52. By letter dated January 16, 2009, Special Agent in Charge Andrew Arena of the FBI's Detroit field office wrote that the Detroit field office was referring Vest's request to FBI Headquarters ("FBIHQ").  See Exhibit 35.

53. By letter dated January 20, 2009, Mexican Legat Robert B. Loosie, responded to Vest's FOIA request to the Mexican Legat by stating that "such requests" must be made to the Office of General Counsel at FBIHQ.  See Exhibit 36.

54.  By letter dated January 21, 2009, the FBI's Deputy Legat in London, writing for her chief, Legat Mark S. Bullock, advised that Vest's request had been forwarded to FBIHQ.  See Exhibit 37.

55. By letter dated January 21, 2009, the Legat in Paris, France, Robin Gazawi advised that all FOIA requests were handled by FBIHQ and attached a printout from the FBI's FOIA/PA website. See Exhibit 38.

56. By letter dated January 21, 2009, Vest, through his counsel, James H. Lesar ("Lesar"), responded to Hardy's January 8, 2009, letter (Exhibit 33) which asked that Vest provide proof of death or a privacy waiver before it processed Vest's request. Lesar stated that Vest was unable to provide either proof of death or a privacy waiver for Morrison.  Lesar stated, however, that this did not relieve the FBI of its obligation to make a search to determine whether or not the subject of the request is deceased.  Additionally, he stated that if responsive records existed, the FBI must process them unless it could show that the putative privacy interest outweighed the public interest in dis-closure.  He further provided information regarding the nature of the public interests involved in the case.  In light of this, Lesar returned to Hardy the Dallas and Houston field office requests which Hardy had returned to Lesar.  See Exhibit 39.

57.  By letter dated February 6, 2009, Hardy informed Vest that his request on Morrison had been forwarded to FBIHQ by the Berlin Legat but was being returned before being processed so

Vest could submit either proof of death or a privacy waiver. Vest was not advised of his right to appeal.  See Exhibit 40.

58.  By letter dated March 10, 2009, Hardy advised that the FBI was returning requests for records on Morrison that had been submitted to FBIHQ, the Dallas and Houston field offices, and the Ottawa, Berlin and Brussels Legats.  Hardy again asked that Vest submit proof of death or a privacy waiver by Morrison before the request was processed.  Vest was not advised of his right to appeal.  See Exhibit 41.

## RECORDS ON GILBERT ENOCH REES, JR.

### COUNT X--FEDERAL BUREAU OF INVESTIGATION

59. Plaintiff re-alleges the allegations set forth in paragraphs 1, 10, 11, 18 and 19.

60.  By a series of letters dated August 18, 2008, addressed to FBIHQ, see Exhibit 42; and the FBI's field offices in Dallas, see Exhibit 43; Houston, see Exhibit 44; Los Angeles, see Exhibit 45; and St. Louis, see Exhibit 46, Vest, through counsel, submitted FOIA requests for records pertaining to Gilbert Enoch Rees, Jr. ("Rees").

61.  By letter dated September 3, 2008, David M. Hardy, Chief of the Record/Information Dissemination Section at FBIHQ

advised that it had conducted a search of its Dallas field office files (Request No. 1118955) limited to main files and ELSUR ("Electronic Surveillance") indices and located no responsive records. See Exhibit 47.

62. By letter dated September 10, 2008, Hardy responded to Vest's request to FBIHQ, which the FBI assigned Request No. 1119236. Hardy stated that a search limited to main files had located no responsive documents. He also advised Vest of his right to appeal the "no records located" finding regarding the FBI's search of main files. See Exhibit 48.

63. By form letter dated September 16, 2008, Hardy acknowledged receipt of Vest's requests to the Houston, Los Angeles and Saint Louis field offices and assigned them Request No. 1119676. He stated the FBI was searching the indices to FBIHQ's Central Records System and would advise Vest of he results thereof. See Exhibit 49.

64. By letter dated October 16, 2008, the FBI responded to Vest's request for records of the Houston, Los Angeles and St. Louis field office files by advising that a search limited to "main files in the central records system" of those offices had located no responsive records. Vest was advised of his right to appeal the FBI's "no records" response regarding its search of main file references. See Exhibit 50.

65. By letter dated November 10, 2008, Vest's counsel responded to the FBI's response to the Dallas field office request by requesting a search of all cross-references, including all "buildups, breakdowns or logical variants of Rees's name. He also asked for clarification of whether the search of ELSUR ("electronic surveillance") indices included "mentions" or "overhears." See Exhibit 51.

66. By letter dated February 11, 2009, which captioned the Dallas field office request (Request No. 1118955), FBIHQ advised that a search of "see" references and ELSUR indices of the Houston, Los Angeles and St. Louis field offices had located no responsive records. See Exhibit 52.

67. By letter dated February 14, 2008, see Exhibit 53, Vest, through counsel, appealed the FBI's February 11, 2008 "no records" responses (see Exhibit 52). He also appealed the FBI's determination that if he had reason to believe that other field offices might have responsive records he would have to submit requests to those offices

68. By letter dated March 11, 2008, the Office of Information and Privacy ("OIP") acknowledged receipt of Vest's appeal and assigned it No. 09-1191. See Exhibit 54.

**RECORDS ON JAMES CASEY**

## COUNT XI--CENTRAL INTELLIGENCE AGENCY

69. Plaintiff re-alleges the allegations set forth in paragraphs 1, 9, 18 and 19 above.

70. By letter dated December 4, 2008, Vest, through counsel, submitted a FOIA request to defendant Central Intelligence Agency ("CIA") for records pertaining to James L. Casey. *The letter enclosed a Texas death certificate indicating that James L. Casey had died on October 21, 2000 in Aransas County, Texas.* See Exhibit 55. .

71. By letter dated December 22, 2008, the CIA acknowledged receipt of Vest's request and stated that it would hold his request in abeyance for 45 days pending receipt of certain biographic information on Casey. The CIA made no determination of the request and did not advise Vest of his right to appeal. See Exhibit 56. .

**RECORDS ON HERB D. VEST**

## COUNT XII--DEFENSE SECURITY SERVICE

72. Plaintiff re-alleges the allegations set forth in paragraphs 1, 12, 18 and 19 above.

73. By letter of unknown date but believed by Vest to have been mailed in the year 2008, Vest submitted a pro se request to defendant Defense Security Service ("DSS") for records on himself.

74. By undated letter, S. J. DeMarco, IV, Chief, Privacy Act Branch, advised Vest that his request had been received on an unspecified date.  Describing it as a Privacy Act request, DeMarco stated that a search which included the Defense Central Index of Investigations ("DCII"), had located no records identifiable with Vest.  See Exhibit 57.

15. The DSS did not advise Vest of his right to appeal.

16. By letter dated October 22, 2008, Vest, now represented by counsel, responded to DeMarco through counsel. He requested a copy of Vest's original request letter and stated that Vest's request should have also been made under the FOIA, if it had not been.  He also requested information concerning whether there were other DSS indices which might be searched and what the search terms that were used were.  See Exhibit 58.


WHEREFORE, Plaintiff prays that this Court:

(1) order defendants to make promptly available to plaintiff all nonexempt responsive information;

(2) order each defendant to conduct a thorough search for all responsive records;

(3) order defendants to provide plaintiff a <u>Vaughn</u> index inventorying responsive records and itemizing and justifying withholdings;

(4) expedite this action in every way pursuant to 5.U.S.C. § 552 and 28 U.S.C. § 1657;

(5) award plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C.§ 2412(d); and

(6) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

James H. Lesar #114413
1003 K Street, N.W.
Suite 640
Washington, D.C. 20001
Phone:  (202) 393-1921


_____/s/_____
Julia Vorsina Greenberg
New York Bar #388561773
Empire State Building
350 Fifth Avenue
Suite 4400
New York, N.Y. 10118
Phone:  (212) 965-9514

**Counsel for Plaintiff**

**DATED:   June 11, 2009**