# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERB D. VEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 09-01083 (RBW) |
| ) | |
| DEPARTMENT OF THE AIR FORCE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

For the reasons to be set forth in the Memorandum Opinion to be issued by the Court within the next 30 days, absent extraordinary circumstances, the Court will grant the defendants' Motion to Dismiss, or in the Alternative, For Summary Judgment and deny the plaintiff's cross-motion for summary judgment in a final Order that will issue contemporaneously with the forthcoming Memorandum Opinion.  Therefore, it is

**ORDERED** that the plaintiff's claim against the Department of Veteran's Affairs is **DISMISSED** as conceded.  It is further

**ORDERED** that the plaintiff's claims against the Department of Defense/Defense Security Service and the National Security Agency are **DISMISSED** as moot.[1]  It is further

**ORDERED** that the defendants' motion to dismiss the plaintiff's claims against the Department of the Army, Department of the Navy, Department of Homeland Security/Citizenship and Immigration Services, Central Intelligence Agency, Department of

---

[1] These claims were withdrawn by the plaintiff.

State, and Marine Corps are **DISMISSED** without prejudice.[2]  It is further

**ORDERED** that the defendants' motion for summary judgment as to the plaintiff's claims against the Department of the Air Force, Defense Intelligence Agency, and the Federal Bureau of Investigation/Department of Justice is **GRANTED**.  It is further

**ORDERED** that the plaintiff's cross-motion for summary judgment is **DENIED** as to all of his claims.  It is further

**ORDERED** that this Order is not a final Order subject to appeal.[3]

**SO ORDERED** this 30th day of September, 2010.

                                                                                            REGGIE B. WALTON
                                                                                            United States District Judge

---

[2] These claims are being dismissed because the plaintiff failed to exhaust his administrative remedies.

[3] To ensure that there is no confusion about the import of this Order, the Court notes for the benefit of the litigants that this Order is not a "final decision" as that term is used in 28 U.S.C. § 1291.  See St. Marks Place Hous. Co. v. U.S. Dep't of Hous. and Urban Dev., 610 F.3d 75, 79 (D.C. Cir. 2010) ("[A]ppeals may be taken (with certain exceptions not relevant here) only from 'final decisions.'"); id. at 80 (concluding that "district courts can choose when to decide their cases," and when an order states that it "shall not be deemed . . . final," the Court should be "take[n] . . . at its word").  Rather, this Order reflects the Court's disposition of the motion, which was reached only after carefully and thoughtfully considering the arguments of the parties as set forth in their submissions, conducting a thorough review of the record, and drafting a memorandum opinion which explains the Court's rationale in appropriate detail.  With only non-substantive tasks (e.g. reviewing citations to ensure conformity with The Bluebook) remaining before the memorandum opinion can be released to the parties and the public, this matter no longer requires this Court's "judicial attention," and therefore the Court finds it appropriate to issue this Order expressing its disposition of the matter.  See id. (questioning the "propriety" of resolving a motion which "still require[s] judicial attention").